**Michael Fuller, OSB No. 09357**
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-20000

**Robert S. Sola, OSB No. 844541**
Robert S. Sola, P.C.
1500 SW First Avenue, Suite 800
Portland, Oregon 97201
rssola@msn.com
Telephone 503-295-6880

**Kelly D. Jones, OSB No. 074217**
kellydonovanjones@gmail.com
Direct 503-847-4329

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **PHUONG THAO HA** | Case No. 3:20-cv-00137-AC |
| Plaintiff | **AMENDED COMPLAINT** |
| vs | |
| **EQUIFAX INFORMATION SERVICES LLC** and **CIC MORTGAGE CREDIT INCORPORATED** | 15 U.S.C. § 1681 et seq. Fair Credit Reporting Act |
| | Demand for Jury Trial |
| Defendants | |

**AMENDED COMPLAINT** – Page 1 of 15

## JURISDICTION AND THE PARTIES

**1.**

This Court has jurisdiction under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681p.

**2.**

Plaintiff Phuong Thao Ha (Plaintiff) is a "consumer" as defined by the FCRA at 15 U.S.C. § 1681a(c).

**3.**

Defendant Equifax Information Services, LLC (Equifax) is a "consumer reporting agency" as defined by the FCRA at 15 U.S.C. § 1681a(f).

**4.**

Defendant CIC Mortgage Credit Incorporated (CIC) is a "consumer reporting agency" and/or a "reseller" as defined by the FCRA at 15 U.S.C. § 1681a(f) and (u).

## FACTUAL ALLEGATIONS

**5.**

The FCRA requires credit reporting agencies such as Equifax, in preparing a credit report, to "follow reasonable procedures to assure maximum possible accuracy of the information" in the report. 15 U.S.C. § 1681e(b).

**6.**

The FCRA requires that upon receiving notice from a consumer that the consumer disputes the accuracy or completeness of any item of information in the consumer's file, Equifax follow specific requirements, including: **a.** conduct a reasonable reinvestigation of the disputed information to determine if the information is accurate; **b.** notify the source of the information of the dispute within five days; **c.** provide the source with all relevant information received from the consumer; **d.** review and consider all relevant information provided by the consumer in conducting the reinvestigation; **e.** delete or modify information that is found to be inaccurate or incomplete, or that cannot be verified; **f.** complete the reinvestigation within 30 days; and **g.** send the consumer written results of the reinvestigation and a credit report that is based on the consumer's file as that file is revised as a result of the reinvestigation. 15 U.S.C. § 1681i(a).

**7.**

The FCRA requires that upon request of a consumer, Equifax provide the consumer with all information in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a).

**8.**

The FCRA provides that Equifax may only furnish a credit report to a person "which it has reason to believe … intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished." 15 U.S.C. § 1681b(a).

**9.**

The policies and procedures of Equifax do not ensure compliance with these provisions of the FCRA.

**10.**

A major problem with Equifax's procedures is the "mixed file." A mixed file is placing information belonging to one consumer into the file or credit report of a different consumer. In some cases, the two consumers are merged together so there is one file for both consumers.

**11.**

Equifax's procedures for matching consumer information to a consumer file regularly result in the mixing of one consumer with another.

**AMENDED COMPLAINT** – Page 4 of 15

**12.**

Mixed files create a false description of a consumer's credit history. Further, mixed files result in the consumer not obtaining credit or other benefits of our economy.

**13.**

Consumers with mixed files often have their confidential personal and financial information wrongfully disclosed when the other consumer is seeking credit, and have their confidential information disclosed to the other person. This violates the consumer's privacy and also greatly increases their risk of identity theft.

**14.**

Mixed files are not a new phenomenon. Equifax has been aware of mixed files for more than 35 years. See *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F2d 509 (5th Cir 1982).

**15.**

Equifax creates mixed files despite the fact that every consumer has unique personal identifying information, such as a Social Security number. That is because Equifax's matching logic allows information to be included in a consumer's file even when the Social Security number reported with the information is different than the Social Security number on the consumer's file.

**AMENDED COMPLAINT** – Page 5 of 15

**16.**

Equifax knows that its matching procedures are causing inaccurate credit reports and mixed files.

**17.**

In the 1990's, the Federal Trade Commission ("FTC") filed a lawsuit against Equifax because of its failure to comply with the FCRA including the mixing of consumers' files.

**18.**

In the 1990's, the Attorneys General of a number of states filed a lawsuit against Equifax because of its failure to comply with the FCRA including the mixing of consumers' files.

**19.**

In 1992, Equifax signed an Agreement of Assurances with the State Attorneys General, and agreed to take specific steps to prevent the occurrence of mixed files and to adopt procedures designed specifically to reinvestigate consumer disputes resulting from mixed files.

**20.**

In 1995, Equifax signed a Consent Order with the FTC. To prevent the occurrence of a mixed file, Equifax agreed not to place information in a consumer's file (other than certain public record information) unless it has identified such information by at least two of the following identifiers: (i) the Consumer's name; (ii) the Consumer's

Social Security Number, (iii) the Consumer's date of birth, (iv) the Consumer's account number with a Subscriber or a similar identifier unique to the Consumer.

21.

Equifax continues to repeatedly mix consumers' files despite its agreements with the FTC and State Attorneys General, and hundreds of lawsuits filed against it by consumers whose files have been mixed.

22.

Over the last ten years, Equifax has been sued hundreds of times by consumers whose files were mixed with a different consumer by Equifax.

23.

When those lawsuits have gone to trial, juries have found that Equifax has willfully violated the accuracy and reinvestigation requirements in the FCRA, Sections 1681e(b) and 1681i(a), and have allowed punitive damages as high as $18 million. Yet, Equifax continues to commit these same violations.

24.

Despite federal law, Congressional mandates, federal and state government enforcement actions, and hundreds of consumer lawsuits, Equifax's mixed files remain a significant problem for consumers, including Plaintiff.

**AMENDED COMPLAINT** – Page 7 of 15

**25.**

Equifax's sale of consumers' most private and sensitive personal and financial information results in billions of dollars in revenue to Equifax annually.

**26.**

Plaintiff is among the victims of Equifax's mixed files. Equifax mixed Plaintiff's credit and personal information with information belonging to her brother, Trung Ha, although they have different names, different Social Security numbers, different genders, and other different identifying information.

**27.**

As a result of Equifax mixing her file, over the past 4 years Equifax has prepared and furnished credit reports relating to Plaintiff that included both Plaintiff's and her brother's information. These reports include her brother's accounts, mortgage, and personal identifying information.

**28.**

Plaintiff has notified Equifax of the inaccurate information on her credit reports. Equifax has refused to correct the inaccurate information or stop mixing Plaintiff with her brother.

**29.**

Equifax refused to provide Plaintiff with a copy of her credit report upon her request.

**30.**

Equifax's failures to comply with the FCRA were willful and reckless in that Equifax mixed Plaintiff's file despite knowing its procedures resulted in mixed files and agreeing that it would change those procedures but failing to do so, having notice that it was continuing to mix files through hundreds of lawsuits, being found to have willfully violated the FCRA but refusing to change its procedures to comply with the FCRA, refusing to unmix Plaintiff's file after it knew it was mixed, refusing to reinvestigate Plaintiff's disputes and follow the procedures in the FCRA in its handling of Plaintiff's disputes, and refusing to provide Plaintiff with a copy of her credit report upon her request.

**31.**

CIC also mixed Plaintiff's credit and personal information with information belonging to her brother, Trung Ha. CIC has prepared and furnished credit reports relating to Plaintiff that included both Plaintiff's and her brother's information. These reports include her brother's accounts, mortgage, and personal identifying information.

**AMENDED COMPLAINT** – Page 9 of 15

**32.**

CIC's failures to comply with the FCRA were willful and reckless in that CIC was aware that its procedures resulted in mixed files but refused to change its procedures to comply with the FCRA, CIC was aware that it had mixed Plaintiff's file and prepared credit reports on Plaintiff that included information belonging to another person because it reported information that clearly belonged to a different person than Plaintiff and was drastically different from the information it had received from Trans Union and Experian pertaining to Plaintiff, and CIC refused to unmix Plaintiff's file after it knew it was mixed.

## FIRST CLAIM FOR RELIEF

## (against Equifax)

## (Negligent Noncompliance with the FCRA)

**33.**

Plaintiff re-alleges and incorporates paragraphs 1 through 32.

**34.**

Equifax negligently failed to comply with the requirements of the FCRA.

**35.**

As a result of Equifax's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including denial of credit, economic loss, lost opportunity to receive credit, damage to reputation, reduced creditworthiness, invasion of privacy, interference with her normal and usual activities, mental anguish and emotional distress for which Plaintiff seeks compensation in an amount to be determined by the jury.

**36.**

Plaintiff requests attorney fees under 15 U.S.C. § 1681o(a).

## SECOND CLAIM FOR RELIEF

## (against Equifax)

## (Willful Noncompliance with the FCRA)

### 37.

Plaintiff re-alleges and incorporates paragraphs 1 through 32.

### 38.

Equifax willfully failed to comply with the requirements of the FCRA.

### 39.

As a result of Equifax's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including denial of credit, economic loss, lost opportunity to receive credit, damage to reputation, reduced creditworthiness, invasion of privacy, interference with her normal and usual activities, mental anguish and emotional distress for which Plaintiff seeks compensation in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

### 40.

Plaintiff requests attorney fees under 15 U.S.C. § 1681o(a).

## THIRD CLAIM FOR RELIEF

## (against CIC)

## (Negligent Noncompliance with the FCRA)

### 41.

Plaintiff re-alleges and incorporates paragraphs 1 through 32.

### 42.

CIC negligently failed to comply with the requirements of the FCRA.

### 43.

As a result of CIC's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including denial of credit, economic loss, lost opportunity to receive credit, damage to reputation, reduced creditworthiness, invasion of privacy, interference with her normal and usual activities, mental anguish and emotional distress for which Plaintiff seeks compensation in an amount to be determined by the jury.

### 44.

Plaintiff requests attorney fees under 15 U.S.C. § 1681o(a).

**AMENDED COMPLAINT** – Page 13 of 15

## FOURTH CLAIM FOR RELIEF

### (against CIC)

### (Willful Noncompliance with the FCRA)

**45.**

Plaintiff re-alleges and incorporates paragraphs 1 through 32.

**46.**

CIC willfully failed to comply with the requirements of the FCRA.

**47.**

As a result of CIC's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including denial of credit, economic loss, lost opportunity to receive credit, damage to reputation, reduced creditworthiness, invasion of privacy, interference with her normal and usual activities, mental anguish and emotional distress for which Plaintiff seeks compensation in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

**48.**

Plaintiff requests attorney fees under 15 U.S.C. § 1681o(a).

Plaintiff requests a trial by jury on all claims.

**AMENDED COMPLAINT** – Page 14 of 15

# PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

On the First Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Second Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

On the Third Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Fourth Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

On All Claims for Relief:

1. Costs and expenses incurred in the action.

February 26, 2020

**RESPECTFULLY FILED,**

s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

**AMENDED COMPLAINT** – Page 15 of 15